# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Zhaojin David Ke, | ) | |
| | ) | |
| **Plaintiff** | ) | Civil Action No. 08-268 |
| | ) | |
| v. | ) | |
| | ) | |
| EDINBORO UNIVERSITY OF | ) | |
| PENNSYLVANIA, FRANK POGUE, | ) | |
| JANET DEAN, TERRY SMITH, | ) | |
| and RIVA SHARPLES, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER

AND NOW, come the defendants, Edinboro University of Pennsylvania ("EUP"),

Frank Pogue, Janet Dean, Terry Smith and Riva Sharples, by their attorneys, Susan H.

Malone, Chief Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney

General, Chief, Litigation Section, and file the following answer to the Complaint:

## FIRST DEFENSE

The defense responds to the factual allegations in the Complaint as follows:

**I.  Introductory Statement:**

1-6.    Paragraphs 1 through 6 summarize plaintiff's claims and include the

various statutory provisions and common law theories under which he is proceeding.

This introductory portion of the Complaint contains allegations of fact mixed with

conclusions of law for which no answer is necessary.  To the extent an answer is

required, it is admitted only that plaintiff was employed as an assistant professor in the Department of English and Theatre Arts of EUP from 2001 through 2007. All other allegations are denied.

**II. Jurisdiction**

7-8.     Paragraphs 7-8 are conclusions of law with respect to the Court's subject matter and supplemental jurisdiction to which no response is required.

**III.  Parties**

9.     Admitted.

10.     Admitted that EUP is a member of the State System of Higher Education which is an agency of the Commonwealth of Pennsylvania and that its official address is 219 Meadville Street, Edinboro, Pennsylvania 16412. The remaining averments are conclusions of law to which no response is required.

11.     Admitted that defendant Frank Pogue ("Pogue") was President of EDU between 2001 and 2007 and currently serves as the interim president of Chicago State University. The remaining averments are denied.

12.     Admitted that defendant Janet Dean ("Dean") was formerly the Associate Vice President for Human Resources and Faculty Relations for EUP.   The remaining averments are denied.

13.     Admitted that defendant Terry Smith ("Smith") is Dean of EUP's School of Liberal Arts and has a business address at Room 112, R.B. Wiley Arts and Sciences Center. The remaining averments are denied.

14.     Admitted that defendant Riva Sharples ("Sharples") was elected Chairperson of the English and Theatre Arts Department on March 22, 2005 and served

in that capacity until she resigned effective July 20, 2007. Admitted that Sharples is currently employed at the University of South Dakota. The remaining averments are denied.

**IV. Facts**

15. Denied.

**Count I**
(Work Assignment Discrimination)

16. Defendants incorporate their responses to paragraphs 1 through 15 as though fully set forth.

17. Admitted that plaintiff obtained a Ph.D. from the University of Illinois, an MFA from the University of British Columbia and an MA from Shanghai International Studies University. Admitted that plaintiff responded to an advertisement posted in The Chronicle of Higher Education for an English composition position. The remaining averments are denied.

18. Admitted that plaintiff taught five sections of upper-level classes from the fall of 2001 to the spring of 2006.

19. Denied.

20. Admitted that plaintiff did not teach literature classes. Denied that plaintiff's Ph.D., MFA and MA were all concentrated in literature. By way of further answer, plaintiff's Ph.D. is in English and America literature with a specialization in creative writing and his MFA is in creative writing. Plaintiff was hired to teach freshman composition, not literature.

21-22. Denied.

23. Admitted that plaintiff taught a course on a different campus while also teaching on the main campus. After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 23.

24. Denied.

25. Admitted that Smith has ultimate authority over what classes plaintiff could teach and that plaintiff was hired to teach composition. The remaining averments are denied.

26. Admitted.

27. Admitted in part. Other faculty in the Department of English and Theatre Arts who held only Master's degrees taught some upper-level or elective courses, but not every semester.

28. Denied as stated. Luciana Bohne was hired to teach literature and is the only member of the department qualified to teach certain upper-level or elective courses. Thomas Lipinski holds an MFA in creative writing.

29-31. Denied.

32. Admitted in part. Caroline Nobile, Roger Solberg and Robert Holderer were hired under different circumstances and have different areas of expertise.

33. After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 33.

34-36. Denied.

## Count II
### (Other Forms of Discrimination)

37.     Defendants incorporate their responses to paragraphs 1 through 36 as though fully set forth.

38-39.  Denied.

40.     Admitted that plaintiff was encouraged to create course proposals drawing on his unique background and that a grievance was filed.  The remaining averments are denied.  By way of further answer, plaintiff never submitted any course proposals to defendants.

41.     Denied.

42.      After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 42.

43-46.  Denied.

## Count III
### (Promotion Discrimination)

47.     Defendants incorporate their responses to paragraphs 1 through 46 as though fully set forth.

48.     Admitted that plaintiff applied for promotion in 2003 and was not promoted.  Denied that teaching upper level classes was a consideration for promotion.  After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 48.

49.     After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 49.

50.     Admitted that plaintiff applied for promotion in 2005 and that he was recommended for promotion. The remaining averments are denied.

51.     Admitted that Smith's recommendation stated that two of plaintiff's novels were not subject to peer review. The remaining averments are denied.

52.     Admitted that Sharples wrote a recommendation for promotion in 2005 in which she made statements regarding plaintiff's university service and that plaintiff did not review the letter before it was submitted to the University-Wide Promotion Committee. The remaining averments are denied.

53.     Denied.

## Count IV
### (Retaliation)

54.     Defendants incorporate their responses to paragraphs 1 through 53 as though fully set forth.

55.     Admitted that plaintiff submitted a written complaint to Dean which contained allegations of racial discrimination against Sharples and that plaintiff did not want Sharples to write the evaluation letter for his tenure application. The remaining averments are denied.

56.     Admitted that David Obringer asked Smith to let somebody else write plaintiff's evaluation and that Smith refused the request. The remaining averments are denied.

57.     Admitted that Sharples did not recommend plaintiff for tenure. The remaining averments are denied.

58.     Denied.

59.     Admitted.

60-61. Denied.

62. Admitted that Smith's letter was forwarded to the University-Wide Tenure Committee. The remaining averments are denied.

63. Admitted that Sharples wrote a letter recommending plaintiff for promotion.

64. Admitted.

65-68. Denied.

69. Admitted that plaintiff served on the faculty volunteer tutoring program and that he had surgery in the summer of 2005. The remaining averments are denied.

70. Admitted that the president of EUP signed letters commending plaintiff on his service as a faculty volunteer in the tutoring program. The remaining averments are denied.

71. Admitted that plaintiff's contract was renewed each year until he was denied tenure. The remaining averments are denied.

72. Admitted that plaintiff was undergoing the fifth-year evaluation in the fall of 2006. The remaining averments are denied.

73. Denied.

74. Admitted that the University-Wide Tenure Committee granted plaintiff a hearing on October 25, 2006. The remaining averments are denied.

75. After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 75.

76.     Admitted that the University-Wide Tenure Committee recommended that tenure be denied to plaintiff and that Pogue authored a letter dated December 18, 2006 denying tenure to plaintiff.  The remaining averments are denied.

77-81.  Denied.

82.     After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 82.

83.     Denied.

**Count V**
(The Hostile Environment and Dr. Ke's Efforts on Remedies)

84.     Defendants incorporate their responses to paragraphs 1 through 83 as though fully set forth.

85.     Denied.

86.     After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 86.

87.     Admitted that EUP hired Matthew Abraham.  The remaining averments are denied.

88.     Admitted that there was an incident on campus in the spring of 2007 in which students painted their faces black.  The remaining averments are denied.

89.     Admitted that plaintiff submitted a written complaint in which he accused former chair Donald Sheehy of racial discrimination.  The remaining averments are denied.

90-91.  Denied.

92.     Admitted that plaintiff submitted a written complaint in which he accused Sharples of racial discrimination and in which he threatened to file a claim with the EEOC. Denied that plaintiff was ever the victim of racial discrimination.

93-94. Admitted.

95.     Denied.

96.     Admitted that Pogue responded to a grievance filed by plaintiff in the fall of 2006 and that plaintiff sent a responsive email to Pogue. The remaining averments are denied.

97.     Admitted.

98.     Admitted that plaintiff filed a grievance. The remaining averments are denied.

99-100.         Denied.


**Count VI**
(Mental Anguish)

101.    Defendants incorporate their responses to paragraphs 1 through 100 as though fully set forth.

102.    Denied.

103-108         After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 103 through 108.

109.    Denied.

110.    The averments of paragraph 110 are conclusions of law to which no response is required.

**V. Legal claims**

**First Cause of Action – Equal Protection**

111.    Defendants incorporate their responses to paragraphs 1 through 110 as though fully set forth.

112.    Denied.

**Second Cause of Action – Title VII (Unlawful Employment Discrimination)**

113.    Defendants incorporate their responses to paragraphs 1 through 112 as though fully set forth.

114-115.        Admitted.

116.    Admitted that the EEOC issued findings of probable cause, that conciliation was not successful and that plaintiff was issued a right to sue letter in July of 2008.  The remaining averments are denied.

117.    Denied.

**Third Cause of Action – Racial Discrimination**

118.    Defendants incorporate their responses to paragraphs 1 through 117 as though fully set forth.

119.    Admitted.

118.    Denied.[1]

120.    Denied.

---

[1] In the Complaint, the last two paragraphs which follow paragraph 119 are numbered 118 and 120. Defendant has numbered them and answered them as they are numbered in the Complaint to prevent confusion.

## SECOND AFFIRMATIVE DEFENSE

In accordance with Fed.R.Civ.P. 8(b), defendants generally deny that they discriminated against plaintiff based on his race within the meaning of 42 U.S.C. §§2000e *et seq.*, 42 U.S.C. §1981, 42 U.S.C. §1983 or 43 Pa.C.S. §§951 *et seq.* or that they retaliated against plaintiff for exercising any lawful rights.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to properly exhaust all of his claims through available administrative processes.

## SIXTH AFFIRMATIVE DEFENSE

Defendants are entitled to the protections of all available immunities including sovereign immunity, Eleventh Amendment immunity and qualified immunity.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants were at all times acting pursuant to a duty required or authorized by statute or regulation and therefore, said acts were within the discretion granted them by statute or statutorily authorized regulations.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants were at all times acting in good faith and in an objectively reasonable manner and are, therefore, entitled to qualified immunity from civil damages.

## NINTH AFFIRMATIVE DEFENSE

The original EEOC and PHRC complaints and their investigations set the parameters of any ensuing civil action.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the terms of the collective bargaining agreement between the Association of Pennsylvania State College and University Faculties and the Pennsylvania State System of Higher Education.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants had a legitimate, rational reason for their role in denying tenure to plaintiff unrelated to his race or his allegations of racism.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff was not deprived of any rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent plaintiff seeks relief from the defendants in their official capacities for claims in the nature of constitutional violations, such relief is barred by the Eleventh Amendment.

WHEREFORE, defendants request judgment in their favor and against plaintiff.

                                  Respectfully submitted,

                                  Thomas W. Corbett, Jr.
                                  Attorney General

By:      /s/ Susan H. Malone
            Susan H. Malone Pa. I.D. #30280
            Chief Deputy Attorney General

            **JURY TRIAL DEMANDED TO THE EXTENT PERMITTED BY LAW**

Office of Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

DATE:   November 26, 2008