**ZHAOJIN DAVID KE**
**v.**
**EDINBORO UNIVERSITY OF PENNSYLVANIA, FRANK POGUE, JANET DEAN, TERRY SMITH AND RIVA SHARPLES**

**CIVIL ACTION NO. 08-268 ERIE**

<u>FINAL INSTRUCTIONS TO THE JURY</u>

I.

(INTRODUCTION)

Ladies and gentlemen, it is now my duty to tell you about the law that is to be applied to this case in which you will be the finders of fact.  You have heard all of the arguments and all of the evidence, and it is my function to charge you on the law which you are required to consider and which will govern your deliberations.

As you already know, this is a civil action brought by Plaintiff, Zhaojin David Ke, against Edinboro University of Pennsylvania, Frank Pogue, Janet Dean, Terry Smith and Riva Sharples.  Janet Dean is no longer a Defendant in this case and you will not be required to decide any issues with respect to her.  For convenience, in the course of these instructions, Zhaojin David Ke may be referred to as the Plaintiff, which is just the legal name of the person filing the law suit.  Edinboro University, Frank Pogue, Terry Smith and Riva Sharples may be referred to as the Defendants, which is the legal name for the party against whom a suit is filed.

Plaintiff has alleged that the Defendants' conduct violated his rights under two separate federal statutes, 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964.  With respect to his § 1983 claim, Plaintiff contends that Defendants Pogue, Smith and

Sharples discriminated against him on the basis of his race, Chinese, in their decision to deny him tenure.  With respect to his claim under Title VII, Plaintiff has asserted two separate violations:  first, that Defendant Edinboro University discriminated against him on the basis of his race, Chinese, in its decision to deny him tenure; and second, that Defendant Edinboro University retaliated against him because he filed a complaint with Edinboro University alleging that Defendant Sharples discriminated against him on the basis of his race.  When a University is involved, of course, it may act only through natural persons such as its employees; and, in general, an employee of Edinboro University may bind the University by his or her acts made while acting within the scope of the his or her duties as an employee of Edinboro University.

In deciding these issues of fact, it is your duty, ladies and gentlemen, to follow these instructions.  In doing so, you must take into consideration all of the instructions I give you, and not pick out any particular instruction and disregard another one.  Your duty is to determine the facts from the evidence that has been produced in open court.  You are to apply the facts as you find them to the law that I am giving you, and neither sympathy nor prejudice should influence you in any way.  Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion.

II.

(COURT IS NEUTRAL)

At the outset, you should understand that I am absolutely neutral in presenting these instructions to you.  I will not give you my opinion about any issue of fact to be determined by you.  Nothing in the way in which I give my instructions to you is intended as an expression of my opinion about any fact at issue in the case.

2

III.

(BURDEN OF PROOF)

The first matter about which I will instruct you is the applicable burden of proof.  The burden of proof is a concept which you must understand in order to give the case proper consideration because a verdict cannot be based on speculation, guess or conjecture.  In civil cases such as this one, the Plaintiff has the burden of proving those contentions that entitle him to relief by a preponderance of the evidence.

The fair weight or preponderance of the evidence means evidence which has more convincing force when it is weighed against the evidence opposed to it so that the greater probability of truth lies therein.  If we visualize evidence as something weighed on an ordinary balance scale, and if the evidence admitted in support of a claim made by the party having the burden of proof is more weighty in probative value than the evidence offered in opposition so that it tips the scales on the side of that party, then that party has proved the claim by the fair weight or preponderance of the evidence.

If, on the other hand, the evidence admitted in opposition to the claim of the party having the burden of proof outweighs or equally balances the evidence produced in support of the claim, it can be said that there has been a failure to carry the burden of proof imposed by law.

It is important to note here that we speak of the quality of evidence, not necessarily its quantity.  Also, all of the evidence admitted in support of, and in opposition to, a claim must be considered, and not just the evidence offered by the party having the burden of proof.  In short, the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence, but which witness or witnesses and which

3

evidence you consider most worthy of belief.  Even the testimony of one witness may outweigh that of many, if you have reason to believe his or her testimony in preference to their testimony.

IV.

(SUBSTANTIVE PRINCIPLES)

Ladies and Gentlemen, I will now instruct you on the substantive principles of law that govern the Plaintiff's claims in this case.

The Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, allows a plaintiff to recover damages for a violation of his or her Constitutional rights.  The Fourteenth Amendment to the United States Constitution protects persons from being subjected to discrimination, by persons acting under color of state law, on the basis of race.  In this case it is undisputed that the individual Defendants Pogue, Smith and Sharples, were acting under color of state law.

In order for Plaintiff to recover on this discrimination claim against any individual Defendant Plaintiff must prove that a Defendant intentionally discriminated against him. This means that Plaintiff must prove that his race was a determinative factor in a Defendant's decision to deny him tenure.

To prevail on this claim, Plaintiff must prove both of the following by a preponderance of the evidence.  First, that a Defendant denied him tenure as a professor at Edinboro University; and second, that Plaintiff's race was a determinative factor in a Defendant's decision.

Although Plaintiff must prove that a Defendant acted with the intent to discriminate, Plaintiff is not required to prove that a Defendant acted with particular intent to violate

4

Plaintiff's federal civil rights.  Moreover, Plaintiff is not required to produce direct evidence of intent, such as statements admitting discrimination.  Intentional discrimination may be inferred from the existence of other facts.

Defendants have given nondiscriminatory reasons for their tenure decision.  If you disbelieve a Defendant's explanation for his or her conduct, then you may, but need not, find that Plaintiff has proved intentional discrimination.  In the context of a denial of tenure case, you do not sit as a super tenure review board.  It is not for you to weigh the evidence and determine whether you agree with a Defendant's assessment.  Determinations about such matters as scholarship and service are subjective, unless they can be shown to have been pretextual.

Ultimately, you must decide whether Plaintiff has proven that his race was a determinative factor in a Defendant's employment decision.  "Determinative factor" means that if not for Plaintiff's race, the denial of tenure would not have occurred.

As I said earlier, there are three (3) individual Defendants in this action.  It does not necessarily follow that, if one is liable, then the others are also liable.  Each Defendant is entitled to a fair consideration of his or her own defense and is not to be prejudiced by the fact (if it should even become a fact), that you find against another Defendant.

I will now instruct you concerning the law relative to Plaintiff's Title VII claims against Defendant Edinboro University.  Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against an employee in the terms and conditions of employment because of the employee's race, color, religion, sex or national origin.  Plaintiff is alleging that Defendant Edinboro University discriminated against him by denying him tenure as a professor at Edinboro University.

5

In order for Plaintiff to recover on this discrimination claim against Edinboro University Plaintiff must prove that it intentionally discriminated against him.  This means that Plaintiff must prove that his race was a determinative factor in Edinboro University's decision to deny him tenure.

To prevail on this claim, Plaintiff must prove both of the following by a preponderance of the evidence.  First, that Edinboro University denied him tenure; and second, that Plaintiff's race was a determinative factor in Edinboro University's decision.  I instruct you that the first element is not in dispute.  Therefore, with respect to this claim, you will only be called upon to decide whether Plaintiff has proven by a preponderance of the evidence that his race was a determinative factor in Edinboro University's decision.

Although Plaintiff must prove that Edinboro University acted with the intent to discriminate, Plaintiff is not required to prove that it acted with particular intent to violate Plaintiff's federal civil rights.  Moreover, Plaintiff is not required to produce direct evidence of intent, such as statements admitting discrimination.  Intentional discrimination may be inferred from the existence of other facts.

Further, in a discrimination case based on the denial of tenure, Plaintiff is not required to show that he was discriminated against at every stage of the tenure review process.  It is permissible for you to find that a discriminatory animus operating at any level of the tenure review process influenced the decisionmaking process and thus allowed discrimination to infect the ultimate decision.

Edinboro University has given nondiscriminatory reasons for its tenure decision.  If you disbelieve its explanation for its conduct, then you may, but need not, find that Plaintiff has proved intentional discrimination.  In the context of a denial of tenure case, you do not

sit as a super tenure review board.  It is not for you to weigh the evidence and determine whether you agree with Edinboro University's assessment.  Determinations about such matters as scholarship and service are subjective, unless they can be shown to have been pretextual.

Ultimately, you must decide whether Plaintiff has proven that his race was a determinative factor in Edinboro University's failure to have granted him tenure. "Determinative factor" means that if not for Plaintiff's race, the denial of tenure would not have occurred.

Plaintiff also alleges that Defendant Edinboro University unlawfully retaliated against him.  Title VII of the Civil Rights Act of 1964 protects employees who attempt to exercise the rights guaranteed by the Act against retaliation by employers.  Plaintiff is alleging that Defendant Edinboro University unlawfully retaliated against him by denying him tenure because he alleged that Sharples discriminated against him on the basis of his race.

To prevail on this claim, Plaintiff must prove all of the following by a preponderance of the evidence.  First, that Plaintiff alleged Defendant Sharples discriminated against him on the basis of his race.  Second, that Plaintiff was subjected to a materially adverse action at the time, or after, the protected conduct took place.  Third, there was a causal connection between the Plaintiff's denial of tenure and Plaintiff's allegation that Defendant Sharples discriminated against him on the basis of his race.

Concerning the first element, Plaintiff need not prove the merits of his allegation, but only that he was acting under a good faith belief that Plaintiff's right to be free from discrimination on the basis of race was violated.

Concerning the second element, the term "materially adverse" means that Plaintiff must show that the denial of tenure was serious enough that it well might have discouraged a reasonable worker from complaining.

Concerning the third element, that of causal connection, that connection may be shown in many ways.  For example, you may or may not find that there is sufficient connection through timing, that is, the denial of tenure followed shortly after Edinboro University became aware of Plaintiff's allegation.  Causation is not, however, necessarily ruled out by a more extended passage of time.  Causation may or may not be proven by antagonism shown toward Plaintiff or a change in demeanor toward him.

Ultimately, you must decide whether Plaintiff's allegation had a determinative effect on the tenure decision.  "Determinative effect" means that if not for the allegation Plaintiff made against Defendant Sharples, the denial of tenure would not have occurred.

V.

(DAMAGES)

I will now instruct you on the law as it relates to damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not a particular Defendant should be held liable.

If you find by a preponderance of the evidence that any individual Defendant intentionally discriminated against Plaintiff by denying him tenure, and/or that Edinboro University intentionally discriminated against Plaintiff by denying him tenure or retaliated against Plaintiff for making a complaint of racial discrimination, then you must award nominal damages of $1.00.

8

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury.  Nominal damages of $1.00 are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

In addition to nominal damages, you may consider awarding the Plaintiff punitive damages.  As previously stated, Plaintiff has alleged that the Defendants' conduct violated his rights under two separate federal statutes, § 1983 and Title VII.  I will instruct you first on the standard to be followed by you in determining whether an award of punitive damages is appropriate pursuant to § 1983 against Defendants Pogue, Smith and/or Sharples.

A jury may award punitive damages to punish a Defendant, or to deter the Defendant and others like him from committing such conduct in the future.  You may only award punitive damages if you find that a particular Defendant acted maliciously or wantonly in violating the Plaintiff's federally protected rights.  In this case there are three (3) individual Defendants.  You must make a separate determination whether each Defendant acted maliciously or wantonly.

A violation is malicious if it was prompted by ill will or spite towards the Plaintiff.  A Defendant is malicious when he or she consciously desires to violate federal rights of which he or she is aware, or when he or she consciously desires to injure the Plaintiff in a manner he or she knows to be unlawful.  A conscious desire to perform the acts that caused the Plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a Defendant had a conscious desire to violate rights or injure the Plaintiff unlawfully.  A violation is wanton if the person committing the violation recklessly or callously disregarded the Plaintiff's rights.

9

If you find it more likely than not that a particular Defendant acted maliciously or wantonly in violating the Plaintiff's federal rights, then you may award punitive damages against that Defendant.  However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.  I will now discuss some considerations that should guide your exercise of this discretion.  But remember you cannot award punitive damages unless you have found that the Defendant in question acted maliciously or wantonly in violating the Plaintiff's federal rights.

If you have found that the Defendant in question acted maliciously or wantonly in violating the Plaintiff's federal rights, then you should consider the purposes of punitive damages.  The purposes of punitive damages are to punish a Defendant for a malicious or wanton violation of the Plaintiff's federal rights, or to deter the Defendant and others like the Defendant from doing similar things in the future, or both.  Thus, you may consider whether to award punitive damages to punish the Defendant.  You should also consider whether actual damages standing alone are sufficient to deter or prevent a particular Defendant from again performing any wrongful acts he or she may have performed.  Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those a particular Defendant may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award.  That is, in deciding the amount of punitive damages, you should consider the degree to which a particular Defendant should be punished for his or her wrongful conduct toward the

Plaintiff, and the degree to which an award of one sum or another will deter a particular Defendant or others from committing similar wrongful acts in the future.

In considering the purposes of punishment and deterrence, you should consider the nature of a particular Defendant's action.  For example, you are entitled to consider whether a particular Defendant engaged in repeated misconduct, or a single act.  You should also consider the amount of harm actually caused by a particular Defendant's act, as well as the harm a particular Defendant's act could have caused and the harm that could result if such acts are not deterred in the future.

Remember, the amount of punitive damages awarded, if any, must not be the result of passion or prejudice against a particular Defendant.  The sole purpose of punitive damages is to punish allegedly outrageous conduct and to deter the Defendant and others from similar acts.

I will now instruct you on the standard to be followed by you in determining whether an award of punitive damages is appropriate pursuant to Title VII against Defendant Edinboro University.

Plaintiff claims the acts of Edinboro University were done with malice or reckless indifference to Plaintiff's federally protected rights.  A jury may award punitive damages to punish a defendant, or to deter a defendant and others like him from committing such conduct in the future.

An award of punitive damages is permissible in this case against Edinboro University only if you find by a preponderance of the evidence that a management official of Edinboro University personally acted with malice or reckless indifference to Plaintiff's federally protected rights.  An action is done with malice if a person knows that it violates

the federal law prohibiting discrimination and does it anyway.  An action is with reckless indifference if taken with knowledge that it may violate the law.

An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.  I will now discuss some considerations that should guide your exercise of this discretion.

If you have found the elements permitting punitive damages, as discussed in this instruction, then you should consider the purposes of punitive damages.  The purposes of punitive damages are to punish a defendant for a malicious or reckless disregard of federal rights, or to deter a defendant and others like the defendant from doing similar things in the future, or both.  Thus, you may consider whether to award punitive damages to punish Edinboro University.  You should also consider whether actual damages standing alone are sufficient to deter or prevent Edinboro University from again performing any wrongful acts it may have performed.  Finally, you should consider whether an award of punitive damages in this case is likely to deter others from performing wrongful acts similar to those Edinboro University may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award.  That is, in deciding the amount of punitive damages, you should consider the degree to which Edinboro University should be punished for its wrongful conduct, and the degree to which an award of one sum or another will deter Edinboro University or others from committing similar wrongful acts in the future.

I will now also give you a few guidelines on how to deliberate upon the evidence you have heard.

VI.

(EVIDENCE)

As I told you at the beginning of this case, the evidence which you are to consider consists of the testimony of the witnesses and the exhibits offered and received into evidence.  The proceedings during the trial have been governed by rules of law, and we have had a number of conferences to determine what evidence should be allowed to be submitted to you.

From time to time, it has been my duty to rule on evidence to be submitted, and you should not concern yourselves with the reasons for those rulings.  You are not to consider any testimony or any exhibit to which I have sustained an objection, or any exhibit which may have been ordered stricken from the record, or which has not been introduced into evidence.

The attorneys and parties have argued very ably and thoroughly, and they have been well prepared; but their remarks, that is, what they said to you, is not evidence.  They have argued to help you understand the facts and their respective theories of the case, but their arguments, again, are not evidence.  You must consider as evidence only the testimony and exhibits.  If you find that any argument, statement or remark of counsel has no basis in the evidence, then you should disregard that argument, statement or remark.  Similarly, if you find that anything I tell you about the facts is not based on the evidence, you should disregard that, too, because you are the finders of fact.  It is up to me only to tell you what the law is.

13

VII.

(DIRECT & CIRCUMSTANTIAL EVIDENCE, INFERENCES)

In deciding the facts of this case, members of the jury, you should consider all of the evidence presented by the parties.  Consideration of all of the evidence, however, does not mean that you must accept all of the evidence as true or accurate.  In this connection, the evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received into evidence, regardless of who may have produced them; and all facts which have been admitted or stipulated by the parties.

There are two types of evidence that you may use in reaching your verdict.  One type of evidence is called "direct evidence."  An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses – something the witness has seen, felt, touched or heard or did.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.  Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is "circumstantial evidence."  "Circumstantial evidence" is proof of one or more facts from which you could find another fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you.  The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

14

While you may consider only the evidence in the case in arriving at your findings of fact, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  An inference is not a suspicion or guess.  A suspicion is a belief based on circumstances which do not amount to proof.  A guess is speculation or conjecture.  An inference, on the other hand, is a reasoned logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.  In other words, you may reach conclusions which reason and common sense lead you to reach from the facts which have been established by a preponderance of the evidence in the case.

There are times when different inferences may be drawn from the facts, whether proved by direct or circumstantial evidence.  Plaintiff will ask you to draw one set of inferences, while the Defendants will ask you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

VIII.

(DETERMINING CREDIBILITY)

Now, in deciding this case, members of the jury, you are required to pass on the credibility of witnesses.  You are the sole judges of the credibility of the witnesses.  Credibility means whether a witness is worthy of belief.  You may believe everything a witness says or only part of it or none of it.  In deciding what to believe, you may consider a number of factors, including the following: the opportunity and ability of the witness to see or hear or know the things the witness testifies to; the quality of the witness' understanding and memory; the witness' manner while testifying; whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; how reasonable the witness' testimony is when considered in light of the other evidence that you believe; and any other factor that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

I charge you that if you find a witness has lied to you in any material portion of his or her testimony you may disregard that witness' testimony in its entirety.  I say that you may disregard that testimony, not that you must.  If you choose to disregard the testimony of any witness because you believe that the witness has been untruthful with you, it must have been untruthfulness in a material portion of that witness's testimony.  You must be careful, though, that the untrue part of the testimony was not a result of a mistake or inadvertence, but was, rather, willful and stated with a design or intent to deceive.

Regardless of whether a witness' testimony is untruthful by design or inadvertence, however, you may reject all or any portion of the testimony, as in the case of any witness, if the testimony is not believable by you.  On the other hand, you may be convinced that, despite the falsity of a part of the witness' testimony, he or she, in other parts, testified truthfully.

Now, you may find inconsistencies in the evidence, even actual contradictions in the testimony of witnesses, although it does not necessarily mean that any witness has been willfully false.  Poor memory is not uncommon.  Sometimes a witness forgets.  Sometimes he or she remembers incorrectly.  It is also true that two persons witnessing the same incident may see it or hear it differently.  If different parts of the testimony of any witness or

witnesses appear to you to be inconsistent, you should try to reconcile the conflicting statements, whether of the same or different witnesses, and you should do so if it can be done fairly and satisfactorily.   If, however, you find that there is a genuine and irreconcilable conflict in the testimony, it is your function and your duty to determine which, if any, of the contradictory statements you will believe.

IX.

(COURT IS NEUTRAL; JURY AS FINDER OF FACTS)

As I mentioned at the beginning of the case, the court is entirely neutral about the outcome of the case.  I do not want you to think that anything I have said, any instruction I have given you, any ruling I may have made on the evidence, or any statement I have made either to counsel or to you, implies that I have any position in this case at all, other than to give you fairly the law that you are required to apply, and to rule fairly and impartially on the evidence that has been submitted to you.  I have absolutely no interest in how this case resolves itself, only in the procedure by which it is done.

As I told you before, it is for you, and you alone, to determine the facts of the case and the credibility of each witness.  If your recollection of the testimony varies with any statements that are inadvertently made by me or counsel for any party in reviewing the testimony, you have to be guided by your own memory and your recollection of the testimony.  You determine the facts from all of the testimony that you have heard, and the other evidence which has been received during the trial.  Neither I nor anyone else may infringe on your responsibility as the sole judges of the facts.  On the other hand, and of equal importance, you must accept the rules of law as I give them to you and apply those rules to the facts of the case.

17

X.

(JURY'S CONDUCT DURING DELIBERATIONS)

Ladies and gentlemen, I am going to instruct you on your deliberations, what you are to do when you retire to the jury room.  First, the attitude and conduct of the jury at the outset of the deliberations are matters of considerable importance.  When you retire to the jury room for your deliberations, they should proceed in an orderly way.  The first order of business in the jury room will be to select one of you to act as foreperson.  You are free to select any one of you to act in that capacity.  The foreperson will preside over your deliberations and will speak for you here in court, should that become necessary.  One more thing about the foreperson.  The fact that somebody is a foreperson does not mean that his or her vote is entitled to any greater weight than the vote of any other juror.

Now, in the course of your deliberations, if you should find yourself in doubt concerning any part of my instructions to you about the law, you may request further instructions.  In that event, you should transmit a note, signed by the foreperson, to me through my courtroom deputy.  Nobody should try to communicate with the court by means other than a signed writing.  I will not communicate with any juror on any subject relating to the merits of the case except in writing or orally here in court with all counsel present.

You should not, at any time, reveal, even to the court, how you stand numerically until you have reached a verdict.  Your responsibility to reach a fair conclusion from the evidence and the applicable law is an important one.  Your verdict should be reached only after careful and thorough deliberations during which you should consult with each other and discuss the evidence and the reasonable inferences to be drawn from the evidence freely and fairly in a sincere effort to arrive at a just verdict.

18

It is your duty to consider the evidence with a view toward reaching agreement on a verdict if you can do so without violating your individual judgment and conscience.  You must decide the case for yourself, examining the issue in evidence with candor and frankness, and with proper deference to and with regard to the opinion of each other.  Mature consideration requires that you be willing to re-examine your own views and to change your opinions if you are convinced that your opinions lack merit or validity.  On the other hand, while you may maintain this flexibility, no juror is required to surrender his or her honest conviction as to the weight or effect of the evidence because another juror's opinion differs from his or hers, or for the mere purpose of returning a verdict.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  Your verdict must be unanimous.

Keep in mind that the dispute between the parties in this case is for them a most serious matter.  They and the court rely on you to give full and conscientious deliberation and consideration to the issues and evidence before you.  You should not allow prejudice or sympathy to influence your deliberations.  You should not be influenced by anything other than the law and the evidence in the case.  All of the parties stand equal before this court, and each is entitled to the same fair and impartial treatment at your hands.