**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ZHAOJIN DAVID KE,** | ) | |
| | ) | **Civil Action No. 08-268E** |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | |
| | ) | **Judge Sean J. McLaughlin** |
| **EDINBORO UNIVERSITY OF** | ) | |
| **PENNSYLVANIA; FRANK POGUE;** | ) | |
| **JANET DEAN; TERRY SMITH;** | ) | |
| **RIVA SHARPLES,** | ) | |
| | ) | |
| **Defendants.** | ) | *Electronically filed.* |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S [DOC. #113] MOTION FOR RETRIAL

AND NOW, come the Defendants by their attorney, Anthony M. Marmo, Deputy

Attorney General, and respectfully submit the following Response to Plaintiff's Motion

for Retrial:

1.      The decision to grant a new trial is committed to the sound discretion of

the district court. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940); U.S. v.

Schiffer, 836 F. Supp. 1164, 1169 (E.D. Pa. 1993).

2.      Pursuant to Rule 59, a motion for a new trial may be granted "for any

reason for which a new trial has heretofore been granted in an action at law in federal

court." Fed. R. Civ. P. 59(a)(1).

3.      Such reasons include prejudicial erroneous judicial rulings or misconduct

by opposing counsel. Olefins Trading, Inc., 9 F.3d at 289-90; Schiffer, 836 F. Supp. at

1169.

4.      In such cases, the court must assess whether an error was, in fact,

committed, and whether the error was so prejudicial that denying a new trial would be

inconsistent with substantial justice. <u>Bhaya v. Westinghouse Elec. Corp</u>., 709 F. Supp. 600, 601 (E.D. Pa. 1989), aff'd, 922 F.2d 184 (3d Cir. 1990).

5.      Another reason for a new trial is where "the verdict is contrary to the great weight of the evidence." <u>Roebuck v. Drexel Univ</u>., 852 F.2d 715, 735-36 (3d Cir. 1988).

6.      In the latter case, a new trial is warranted only in those circumstances where a miscarriage of justice would result if the verdict were to stand.  <u>Olefins Trading</u>, 9 F.3d at 289 (quoting <u>Fineman v. Armstrong World Indus</u>., Inc., 980 F.2d 171, 211 (3d Cir. 1992)).

7.      A new trial is never appropriate in cases involving only harmless error. Fed. R. Civ. P. 61.

8.      When reviewing a jury verdict a District Court . . . has an obligation . . . to uphold the jury's award if there exists a reasonable basis to do so.  <u>Motter v. Everest & Jennings, Inc</u>., 883 F.2d 1223, 1230 (3d Cir.1989).

9.      A new trial is warranted based upon [a] showing that the jury verdict resulted from passion or prejudice.' <u>Hurley v. Atlantic City Police Dep't</u>, 174 F.3d 95, 114 (3d Cir.1999) (quoting <u>Dunn v. HOVIC</u>, 1 F.3d 1371, 1383 (3d Cir.1993)).

10.     Plaintiff's Motion for a New Trial does not cite to a single trial court ruling that was preserved by objection that may have resulted in a prejudicial error.

11.     Further, the various attacks on witnesses have no merit.  It is the responsibility of the jury to weight the credibility of witnesses.

12.     Finally, to attack the jury based on their education and time necessary to deliberate is without merit.    This jury came to a reasonable and proper conclusion after a week of trial and great weight of evidence for the defense.

13.    Plaintiff's dissatisfaction with a jury verdict is not grounds for a new trial nor is it a rational basis to ask for a bench trial.

## IV. CONCLUSION

Wherefore, the Defendants respectfully request that the Plaintiff's Motion for a New Trial be Denied.


Respectfully submitted,


LINDA L. KELLY
Attorney General

s/ Anthony M. Marmo
ANTHONY M. MARMO
Deputy Attorney General
Attorney I.D. No. 207992

Office of Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219
Phone: (412) 565-2794

Susan J. Forney
Chief Deputy Attorney General


Date:  November 2, 2011