IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZHAOJIN DAVID KE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 08-268 Erie |
| | ) |
| EDINBORO UNIVERSITY OF | ) |
| PENNSYLVANIA, FRANK POGUE, | ) |
| JANET DEAN, TERRY SMITH, and | ) |
| RIVA SHARPLES, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM ORDER

McLAUGHLIN, SEAN J., District Judge

    Presently pending before the Court is the Plaintiff's Motion for Reconsideration. [ECF No. 125].[1] We have jurisdiction pursuant to 28 U.S.C. § 1331.

    By way of background, Plaintiff Zhaojin David Ke ("Ke") commenced this action against Edinboro University of Pennsylvania, Dr. Frank Pogue, Dr. Terry Smith, Dr. Riva Sharples, and Janet Dean ("Dean") on September 26, 2008, alleging that they had violated Title VII of the Civil Rights Act of 1964 ("Title VII") [42 U.S.C. § 2000e *et seq.*] and the Equal Protection Clause of the Fourteenth Amendment by denying his application to be a tenured professor. [ECF No. 1]. The case proceeded to trial on September 6, 2011, and the jury rendered a verdict in favor of Defendants with respect to all of Ke's discrimination and retaliation claims on September 13, 2011. [ECF No. 104]; [ECF No. 110]. Judgment was entered in favor of the Defendants and against Ke. [ECF No. 111]. Ke moved for a new trial on September 28, 2011, contending that the jury's verdict was against the weight of the evidence presented at trial. [ECF No. 113]. The Motion was denied in a Memorandum Opinion and Order dated August 15, 2012. [ECF No. 124]. Ke responded on August 29, 2012, by filing the instant Motion for Reconsideration. [ECF No. 125]. For the reasons that follow, the Motion will be denied.

    Ke's primary argument in support of his Motion for Reconsideration is that the jury's verdict was the result of willfully false testimony provided by the Defendants and their

---

[1] We construe Plaintiff's Motion as a request for relief from a judgment pursuant to *Fed.R.Civ.P.* 60(b).

witnesses, which allegedly caused the jury to "g[et] the facts wrong." [ECF No. 125 at 1-16]. Federal Rule of Civil Procedure 60(b)(3) provides, in relevant part, that a district court may relieve a party from a final judgment where there is evidence of "fraud ..., misrepresentation, or other misconduct of an adverse party." *Fed.R.Civ.P.* 60(b)(3); *Stridiron v. Stridiron*, 698 F.2d 204, 206-07 (3d Cir. 1983); *Floorgraphics, Inc. v. New America Marketing In-Store Servs., Inc.*, 434 Fed. Appx. 109, 111 (3d Cir. 2011). In order to prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case. *Id.*; *see also Pray v. Dept. of Justice*, 290 Fed. Appx. 501, 503 (3rd Cir. 2008); *Jacobs v. Carlson*, 2010 WL 1026967 at *8 (W.D.Pa. 2010); *Ames Tru Temper, Inc. v. Myers Industries, Inc.*, 2007 WL 4268697 at *2 (W.D.Pa. 2007). "In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing." *Brown v. Pennsylvania R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960) (citations omitted), *cert. denied*, 365 U.S. 818 (1961).

Generally, "[i]f unequivocal evidence establishes that a party willfully perjured himself, and thereby prevented the opposition from fully and fairly presenting its case, use of Rule 60(b)(3) to grant the innocent party a new trial would be a proper response." *Diaz v. Methodist Hosptial*, 46 F.3d 492, 497 (5th Cir. 1995); *Forrest v. Beloit Corp.*, 2005 WL 1869172 at *2 (E.D.Pa. 2005) (in order to prevail under Rule 60(b)(3), plaintiff must demonstrate that a witness perjured himself by demonstrating "the sort of willful, knowing, clear falsehood necessary to sustain a perjury charge[,]" and that he "was denied a full and fair opportunity to litigate his case."). "[C]onclusory allegations of perjury are insufficient to establish by clear and convincing evidence that the judgment was obtained by fraud or misconduct." *Hopson v. Protein Technologies International*, 19 Fed. Appx. 336, 337 (6th Cir. 2001); *Martin v. Chemical Bank*, 129 F.3d 114 (2d Cir. 1997) (same); *Atkins v. Weaver*, 967 F.2d 582 (9th Cir. 1992) (same). In addition, conflicting accounts of events does not demonstrate perjury. *Kissinger-Campbell v. C. Randall Harrell, M.D.*, 418 Fed. Appx. 797, 805 (11th Cir. 2011) ("The testimony of Zbella and DeLuca merely indicates that there are conflicting accounts on precisely when certain past events occurred. This is not evidence of perjury or a conspiratorial scheme to concoct a false story, as Defendants allege."); *Ricciuti v. New York City Transit Auth.*, 70 F. Supp. 2d 300, 315 (S.D.N.Y. 1999) (fact that plaintiffs' account of events differed was insufficient to demonstrate perjury). The moving party must demonstrate that a witness actually testified falsely. *Ricciuti*, 70 F. Supp.

2d at 315; *Wall v. Construction and General Laborers' Union*, 2006 WL 197353 at *6 (D.Conn. 2006) ("The plaintiffs have not demonstrated here by clear and convincing evidence that Luskin gave false testimony, let alone testimony that constitutes perjury."), *appeal dism'd*, 2009 WL 230122 (2d Cir. 2009).

Here, Ke has failed to demonstrate by clear and convincing evidence that Defendants or their witnesses perjured themselves. He simply disagrees with their version of events and his allegations of perjury are entirely conclusory. As the cases make clear, conflicting accounts of past events are not, in and of themselves, demonstrative of perjury. As we made clear in our previous Opinion of August 15, 2012, there was ample evidence to support the jury's verdict. We find no basis under *Fed.R.Civ.P.* 60(b)(3), or any other provision of Rule 60(b), to reconsider our denial of Ke's Motion for New Trial.

AND NOW, this 17th day of September, 2012, for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration [ECF No. 125] is **DENIED**.

                                                                                                 s/ Sean J. McLaughlin
                                                                                                  United States District Judge

cc:      All parties of record